**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**GREEN BAY DIVISION**

| | | |
|---|---|---|
| **U.S. VENTURE, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO.** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | |

**COMPLAINT FOR REFUND OF FEDERAL EXCISE TAXES**

Plaintiff, U.S. Venture, Inc. ("U.S. Venture" or "Plaintiff"), hereby files this Complaint for refund of Federal excise taxes that were erroneously collected and illegally retained by Defendant, United States of America ("Defendant"), acting through the Commissioner of the Internal Revenue Service (the "Commissioner"), and as the basis for this Complaint alleges as follows:

**I.**
**PRELIMINARY STATEMENT**

1.      Plaintiff's action arises under the Internal Revenue Code of 1986, as amended and codified in Title 26 of the United States Code, for recovery of Federal excise taxes erroneously collected and illegally retained by Defendant for Plaintiff's taxable quarters ending June 30, 2013, September 30, 2013, December 31, 2013, March 31, 2014, June 30, 2014, September 30, 2014, December 31, 2014, March 31, 2015, June 30, 2015, September 30, 2015, December 31, 2015, March 31, 2016, June 30, 2016, September 30, 2016 and December 31, 2016 (the "Taxable Quarters at Issue"), plus any statutory interest thereon as provided by law.  This dispute arises over whether Plaintiff's gasoline-butane mixtures qualify as alternative fuel mixtures under 26 U.S.C. § 6426(e).

## II.
## THE PARTIES

2.      Plaintiff, U.S. Venture, Inc., is a corporation organized and existing under the laws of the State of Wisconsin. Plaintiff produces and sells alternative fuel mixtures. Plaintiff's Federal Employer Identification Number is 39-0964014.

3.      Defendant is the United States of America, acting through the Commissioner.

## III.
## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1346(a) and 26 U.S.C. § 7422 because Defendant erroneously collected and illegally retained Federal excise taxes from Plaintiff.

5.      Plaintiff timely filed Internal Revenue Service ("IRS") Forms 720, Quarterly Federal Excise Tax Return, on which it reported its quarterly Federal excise tax liability, pursuant to 26 U.S.C. § 4081, for the Taxable Quarters at Issue.  26 C.F.R. § 40.6011(a)-1.  On the same date it filed IRS Forms 720, Plaintiff fully paid its quarterly Federal excise tax liability, including the amounts in dispute, for the Taxable Quarters at Issue.  28 U.S.C. § 1346(a)(1); *Flora v. United States*, 362 U.S. 145 (1960).

6.      Plaintiff timely filed IRS Forms 720X, Amended Quarterly Federal Excise Tax Return, for each of the Taxable Quarters at Issue. 28 U.S.C. § 6511(a).

7.      On each of Plaintiff's IRS Forms 720X, Plaintiff claimed a refund of Federal excise taxes resulting from the application of certain Federal excise tax credits, pursuant to 26 U.S.C. § 6426(e), which reduced Plaintiff's Federal excise tax liability shown on its IRS Forms 720.

7.a.      On or about August 1, 2016, Plaintiff filed an IRS Form 720X for the taxable quarter ending June 30, 2013.

19744411.1

7.b.     On or about October 24, 2016, Plaintiff filed an IRS Form 720X for the taxable quarter ending September 30, 2013.

7.c.     On or about December 23, 2016, Plaintiff filed an IRS Form 720X for the taxable quarter ending December 31, 2013.

7.d.     On or about April 21, 2017, Plaintiff filed an IRS Form 720X for the taxable quarter ending March 31, 2014.

7.e.     On or about July 10, 2017, Plaintiff filed an IRS Form 720X for the taxable quarter ending June 30, 2014.

7.f.     On or about September 19, 2017, Plaintiff filed an IRS Form 720X for the taxable quarters ending September 30, 2014, December 31, 2014, March 31, 2015, June 30, 2015, and September 30, 2015.

7.g.     On or about September 19, 2017, Plaintiff filed an IRS Form 720X for the taxable quarters ending December 31, 2015, March 31, 2016, June 30, 2016, September 30, 2016, and December 31, 2016.

8.     Six months have expired since Plaintiff filed IRS Forms 720X claims for refund for the Taxable Quarters at Issue, and this action was initiated prior to the expiration of the two-year statute of limitations, so this Court has jurisdiction to hear this action pursuant to 26 U.S.C. § 6532(a).

9.     In summary, jurisdiction is proper because Plaintiff: (a) made full payment of the Federal excise taxes in dispute; (b) timely filed its claims for refund of erroneously collected and illegally retained Federal excise taxes shown on IRS Forms 720X claims for refund; and (c) filed this Complaint after six months of filing of its claims for refund and within the statute of limitations.

19744411.1

10.     Venue for this action is proper in the United States District Court for the Eastern District of Wisconsin under 28 U.S.C. § 1402(a)(2) because Plaintiff's principal place of business is located at 425 Better Way, Appleton, Wisconsin 54915, which is in this judicial district.

## IV.
## JURY DEMAND

11.     Plaintiff hereby demands that a jury hear all issues that are triable by a jury. Fed. R. Civ. P. 38.

## V.
## APPLICABLE LAW

12.     In 2005, the Safe, Accountable, Flexible, Efficient Transportation Equity Act: A Legacy for Users, Pub. L. No. 109-59, 119 Stat. 1144 ("SAFETEA"), introduced two excise tax credits under 26 U.S.C. § 6426: (1) the alternative fuel credit, 26 U.S.C. § 6426(d), and (2) the alternative fuel mixture credit, 26 U.S.C. § 6426(e).

13.     SAFETEA amended 26 U.S.C. § 6426 to include an alternative fuel credit only against the retail excise tax under 26 U.S.C. § 4041, and to allow an alternative fuel mixture credit only against the manufacturer's level excise tax under 26 U.S.C. § 4081. Pub. L. No. 109-59, § 11113(b)(1).

14.     26 U.S.C. §§ 6426(a)(1) and (e)(1) allows a $0.50 credit against a claimant's $0.183 tax liability under 26 U.S.C. § 4081 for each gallon of "alternative fuel" used by the claimant to produce an alternative fuel mixture for sale or use in the claimant's trade or business.

15.     26 U.S.C. § 6426(e)(2) provides that for purposes of 26 U.S.C. § 6426, the term "alternative fuel mixture" means a mixture of "alternative fuel" and "taxable fuel" that is sold by the claimant producing such mixture to any person for use as a fuel, or used as a fuel by the

4

claimant producing such mixture. 26 U.S.C. § 6426(e)(2) references 26 U.S.C. § 4083(a)(1)(A), (B), and (C) to define the term "taxable fuel".

16. For purposes of the 26 U.S.C. § 6426(e) alternative fuel mixture credit, 26 U.S.C. § 6426(d)(2) (*emphasis added*) provides that the term "alternative fuel" means:

16.a. ***liquefied petroleum gas;***

16.b. P Series Fuels (as defined by the Secretary of Energy under 42 U.S.C. 13211(2));

16.c. compressed or liquefied natural gas;

16.d. liquefied hydrogen;

16.e. any liquid fuel derived from coal (including peat) through the Fischer-Tropsch process;

16.f. compressed or liquefied gas derived from biomass; and

16.g. liquid hydrocarbons derived from biomass (as defined in 26 U.S.C. § 45K(c)(3)).

17. The definition of "alternative fuel" used in 26 U.S.C. § 6426(d) is repeated in various IRS authorities in effect at the time Plaintiff filed its IRS Form 720X claims for refund, including IRS Publication 510, IRS Notice 2006-92, 73 FR 43890, and Instructions for IRS Form 720.

18. The term "liquefied petroleum gas" listed in 26 U.S.C. § 6426(d)(2)(A) as an alternative fuel is not defined by 26 U.S.C. § 6426, by any Treasury Regulations published under 26 U.S.C. § 6426, or in the legislative history of 26 U.S.C. § 6426.

19.    There are several references to the meaning of "liquefied petroleum gas" contained in Treasury Regulations published under 26 U.S.C. § 4041, IRS Publication 510 (in effect at the time), and Instructions for IRS Form 720 (in effect at the time).

20.    26 CFR § 48.4041-8(f)(1)(i) defines "liquefied petroleum gas" as "(….propane, **butane**, pentane, or mixtures of the same)" *(emphasis added)* when defining the term "special motor fuel".  26 U.S.C. § 4041(a)(2) was amended by SAFETEA §11113(a)(3) to delete the term "special motor fuel" from 26 U.S.C. § 4041(a)(2).

21.    The energy industry and other federal agencies rely on common definitions of "liquefied petroleum gas" that include "butane" and "propane" within such definitions.

22.    The U.S. Energy Information Administration ("EIA"), the statistical and analytical agency within the U.S. Department of Energy, publishes a glossary of terms that includes definitions of technical terms used by the energy industry.[1]  The EIA Glossary defines the term "liquefied petroleum gas" as "[a] group of hydrocarbon gases, primarily propane, normal butane, and isobutane, derived from crude oil refining or natural gas processing. These gases may be marketed individually or mixed".[2]

23.    The EIA's Glossary defines "butane" as "**Butane ($C_4H_{10}$):** A straight-chain or branch-chain hydrocarbon extracted from natural gas or refinery gas streams, which is gaseous at standard temperature and pressure. It includes isobutane and normal butane and is designated in ASTM [American Society for Testing and Materials] Specification D1835 and Gas Processors Association specifications for commercial butane".  Butane and propane are universally regarded

---

[1] EIA collects, analyzes, and disseminates independent and impartial energy information to promote sound policymaking, efficient markets, and public understanding of energy and its interaction with the economy and the environment. EIA is the nation's premier source of energy information and, by law, its data, analyses, and forecasts are independent of approval by any other officer or employee of the U.S. government.
[2] https://www.eia.gov/tools/glossary/index.php?id=Liquefied%20petroleum%20gases%20%28LPG%29

19744411.1

as liquefied petroleum gases by federal and state agencies, as well as the energy industry in general.[3]

24.    26 U.S.C. § 4083(a)(1) defines the term "taxable fuel" as gasoline (26 U.S.C. § 4083(a)(1)(A)), diesel fuel (26 U.S.C. § 4083(a)(1)(B)), and kerosene (26 U.S.C. § 4083(a)(1)(C)), for purposes of 26 U.S.C. § 6426(e).

25.    IRS Notice 2006-92, 2006-2 CB 774, 09/29/2006, provides procedural rules under which a credit or payment may be obtained under 26 U.S.C. § 6426(e) for an alternative fuel mixture under 26 U.S.C. §§ 4041(a)(2), 4041(a)(3), and 4081(b).

26.    The following conditions that must be met before a claimant is eligible for the alternative fuel mixture credit pursuant to 26 U.S.C. § 6426(e):

26.a.    The claimant produced the alternative fuel mixture for sale or use in the trade or business of the claimant;

26.b.    The claimant sold the alternative fuel mixture for use as a fuel; or the claimant used the alternative fuel mixture as a fuel;

26.c.    The claimant is registered under 26 U.S.C. § 4101 as an alternative fueler.

26.d.    No other claim has been made by the claimant with respect to the amount of alternative fuel in the mixture;

26.e.    The claimant filed a timely claim for refund on IRS Form 720 (or on IRS Form 720X) with all of the required information; and

---

[3] *See, e.g.*, https://www.osha.gov/pls/oshaweb/owadisp.show_document?p_table=STANDARDS&p_id=9756 (OSHA), http://www.elgas.com.au/blog/486-comparison-lpg-natural-gas-propane-butane-methane-lng-cng (ELGAS Australia), http://www.afsglobal.com/faq/gas-comparisons.html (Alternative Fuel Systems, Inc.), http://www.exxonmobil.com.sg/en-sg/company/business-and-operations/liquefied-petroleum-gas/characteristics-of-lpg (Exxon Mobil).

19744411.1

26.f.   The claimant has a 26 U.S.C. § 4081 liability for the period of the claim

for refund, and the total amount of the alternative fuel mixture excise tax

credit claimed under 26 U.S.C. § 6426(e) for the period of the claim for

refund does not exceed such liability.

IRS Notice 2006-92, Section 4.

27.     "[W]here Congress has used technical words or terms of art, it [is] proper to

explain them by reference to the art or science to which they [are] appropriate." *Corning Glass

Works v. Brennan*, 417 U.S. 188, 201 (1974).

28.     If a term is used in the Internal Revenue Code without definition and the

legislative history fails to provide any insight or guidance as to the appropriate definition, the

ordinary and common usage of the term is the definition that will be used in applying the

provision of the Internal Revenue Code. *Texaco v. Comm'r*, 101 T.C. 571, 575 (1993).

29.     Where Congress has used technical words or terms of art, it is proper to explain

them by reference to the art or science to which they are appropriate. *Shell Petroleum v. United

States*, 182 F.3d 212, 217 (3d Cir. 1999).

30.     The Commissioner issued Revenue Ruling 2018-2 (December 14, 2017), which

ruled that a gasoline-butane mixture is not eligible for the alternative fuel mixture credit under 26

U.S.C. § 6426(e) because butane is a "taxable fuel" as defined in 26 U.S.C. § 4081, and not an

"alternative fuel" as defined in 26 U.S.C. § 6426(d).

# VI.
## ALLEGATIONS

31.     Plaintiff incorporates herein by reference and realleges all allegations in paragraphs 1-10.

32.     During each of the Taxable Quarters at Issue, Plaintiff produced alternative fuel mixtures comprised of butane and at least 0.1% gasoline by volume for sale in Plaintiff's business.

33.     During each of the Taxable Quarters at Issue, Plaintiff purchased the butane used in its alternative fuel mixtures from third parties.  Plaintiff has in its possession the name, address, and employer identification number of the parties that sold the butane to Plaintiff, the dates of purchase, and documentation identifying the butane purchased during the Taxable Quarters at Issue.

34.     During each of the Taxable Quarters at Issue, Plaintiff sold the alternative fuel mixtures (gasoline-butane mixtures) to third parties for use as a fuel.

35.     At the time Plaintiff filed its IRS Forms 720X for the Taxable Quarters at Issue, Plaintiff was registered under 26 U.S.C. § 4101 by possessing IRS approved registration number: 2005-001296-D-M-S-X-AL-AM-NB-UV.

36.     Plaintiff did not make any other claims for refund with respect to the amount of alternative fuel in the mixture for the Taxable Quarters at Issue.

37.     For each of the Taxable Quarters at Issue, Plaintiff timely filed IRS Forms 720, on which it reported and paid its quarterly Federal excise tax liability, pursuant to 26 U.S.C. § 4081.

38.     For each of the Taxable Quarters at Issue, Plaintiff subsequently timely filed IRS Form 720X, Amended Quarterly Federal Excise Tax Return, reported the alternative fuel mixture credits pursuant to 26 U.S.C. § 6426(e) for its gasoline-butane mixtures, and requested refunds of

previously paid 26 U.S.C. § 4081 Federal excise taxes in the amount of the 26 U.S.C. § 6426(e) alternative fuel mixture credits.

39.     For each of the Taxable Quarters at Issue, the amount of credit claimed by Plaintiff for the alternative fuel mixtures is the product of $0.50 and the number of gallons of butane used to produce the gasoline-butane mixtures.

40.     For each of the Taxable Quarters at Issue, Plaintiff had 26 U.S.C. § 4081 Federal excise tax liability, and the total amount of the 26 U.S.C. § 6426(e) alternative fuel mixture tax credits claimed never exceeded Plaintiff's 26 U.S.C. § 4081 Federal excise tax liability.

41.     In summary, for each of the Taxable Quarters at Issue, the following chart illustrates the amount of 26 U.S.C. § 4081 liability reported on IRS Forms 720, the quantity of butane used in the production of the alternative fuel mixtures, the amount of alternative fuel mixture credits claimed by Plaintiff, and the filing date of Plaintiff's IRS Forms 720X claims for refund:

19744411.1

| Taxable Quarter | 26 U.S.C. § 4081 Excise Tax liability | Butane used in alternative fuel mixture (in gallons) | Alternative fuel mixture credits § 6426(e) | Filing Date of Refund Claims On Form 720X |
|---|---|---|---|---|
| Jun. 30, 2013 | $23,125,653.25 | 1,044,057.00 | $522,028.50 | Aug. 1, 2016 |
| Sep. 30, 2013 | $27,270,778.87 | 1,105,855.00 | $522,927.50 | Oct. 24, 2016 |
| Dec. 31, 2013 | $23,062,239.23 | 5,381,732.00 | $2,690,866.00 | Dec. 23, 2016 |
| Mar. 31, 2014 | $19,383,612.82 | 4,196,432.74 | $2,098,216.37 | Apr. 21, 2017 |
| Jun. 30, 2014 | $25,254,057.76 | 2,260,674.80 | $1,130,337.40 | Jul. 10, 2017 |
| Sep. 30, 2014 | $25,647,362.02 | 1,861,042.00 | $930,521.00 | Sep. 19, 2017 |
| Dec. 31, 2014 | $22,383,364.49 | 9,274,253.00 | $4,637,126.50 | Sep. 19, 2017 |
| Mar. 31, 2015 | $21,409,449.83 | 6,561,842.00 | $3,280,921.00 | Sep. 19, 2017 |
| Jun. 30, 2015 | $30,133,708.84 | 1,728,421.00 | $864,210.50 | Sep. 19, 2017 |
| Sep. 30, 2015 | $36,179,227.29 | 2,509,599.00 | $1,254,799.50 | Sep. 19, 2017 |
| Dec. 31, 2015 | $29,442,513.59 | 11,655,315.00 | $5,827,657.50 | Sep. 19, 2017 |
| Mar. 31, 2016 | $23,460,525.12 | 5,061,635.00 | $2,530,817.50 | Sep. 19, 2017 |
| Jun. 30, 2016 | $38,156,987.79 | 1,830,590.00 | $915,295.00 | Sep. 19, 2017 |
| Sep. 30, 2016 | $48,563,119.85 | 3,376,643.00 | $1,688,321.50 | Sep. 19, 2017 |
| Dec. 31, 2016 | $43,133,015.76 | 9,338,291.00 | $4,669,145.50 | Sep. 19, 2017 |

42.     In November 2016, the Commissioner commenced an examination of Plaintiff's IRS Forms 720X claims for refund for the Taxable Quarters at Issue.  The examination specially focused on Plaintiff's application of the 26 U.S.C. § 6426(e) alternative fuel mixture credit for its gasoline-butane mixtures.

43.     On or about January 25, 2018, relying on the analysis of Revenue Ruling 2018-2, the Commissioner disallowed Plaintiff's IRS Forms 720X claims for refund on the basis that the butane used in Plaintiff's gasoline-butane mixtures is not an "alternative fuel" as defined by 26 U.S.C. § 6426(d).  The Commissioner's notice of disallowance of Plaintiff's IRS Forms 720X claims for refund was on a Form 569-X letter and was not mailed to Plaintiff by certified or registered mail, so the notice of disallowance did not commence the two-year statute of limitations to bring this action. 26 U.S.C. § 6532(a).

19744411.1

44.     Plaintiff disagrees with the analysis set forth in Revenue Ruling 2018-2, including the Commissioner's determination that butane is not a "liquefied petroleum gas" as the term is used in 26 U.S.C. § 6426(d) to define the term "alternative fuel" for purposes of applying the 26 U.S.C. § 6426(e) alternative fuel mixture credit.

45.     Plaintiff alleges and intends to prove that the term "liquefied petroleum gas", as used in 26 U.S.C. § 6426(d), should be given the term's common industry and scientific meaning, as relied on by the energy industry and Defendant's own agencies (U.S. Dept. of Energy EIA), which defines "liquefied petroleum gas" as including butane.

46.     Revenue Ruling 2018-2 is inconsistent with the congressional intent of 26 U.S.C. § 6426(e) and the Commissioner's interpretation of the meaning of the term "liquefied petroleum gas" in the application of 26 U.S.C. § 6426(e) would achieve an absurd result.  In addition, Revenue Ruling 2018-2 is inconsistent with the Commissioner's own interpretations of the meaning of other terms used in 26 U.S.C. § 6426 (*e.g.,* compressed natural gas and renewable diesel). *See* IRS LAFA 20151001F; IRS Notice 2007-37, 2017-29 IRB 89; and Chief Counsel Advice 201144024.

47.     The Commissioner has improperly and unlawfully failed to refund the Federal excise taxes paid with respect to the Taxable Quarters at Issue in amounts equivalent to the  26 U.S.C. § 6426(e) alternative fuel mixture credits claimed by Plaintiff on its IRS Forms 720X.

48.     For each of the Taxable Quarters at Issue, more than six months have expired since Plaintiff filed its IRS Forms 720X claims for refund of Federal excise taxes that were erroneously collected from Plaintiff and illegally retained by Defendant with respect to the Taxable Quarters at Issue, plus any statutory interest allowed.

19744411.1

49.     Accordingly, this action with respect to the claims for refund for the Taxable

Quarters at Issue is timely commenced with respect to 26 U.S.C. § 6532(a).

**VII.**
**ASSIGNMENTS OF ERROR**

**Count One – June 30, 2013 Claim**

50.     Plaintiff incorporates herein by reference and realleges all allegations in

paragraphs 1-10 and paragraphs 31-49.

51.     Because Plaintiff used 1,044,057 gallons of butane in producing alternative fuel

mixtures (namely butane and gasoline at a minimum concentration of 0.1%) and sold the

mixtures to one or more persons for use as a fuel, Plaintiff was entitled to alternative fuel mixture

tax credits during the taxable period ending June 30, 2013, of $522,028.50 ($0.50 x 1,044,057

gallons of butane).

52.     Because Plaintiff's Federal excise tax liability under 26 U.S.C. § 4081 for the

taxable period ending June 30, 2013, was $23,125,653.25, Plaintiff properly claimed a refund of

$522,028.50.

53.     For the reasons set forth above, Plaintiff is entitled to recover from Defendant the

amount of $522,028.50, plus any allowable interest.

**Count Two – September 30, 2013 Claim**

54.     Plaintiff incorporates herein by reference and realleges all allegations in

paragraphs 1-10 and paragraphs 31-49.

55.     Because Plaintiff used 1,105,855 gallons of butane in producing alternative fuel

mixtures (namely butane and gasoline at a minimum concentration of 0.1%) and sold the

mixtures to one or more persons for use as a fuel, Plaintiff was entitled to alternative fuel mixture

19744411.1

tax credits during the taxable period ending September 30, 2013, of $552,927.50 ($0.50 x 1,105,855 gallons of butane).

56.     Because Plaintiff's Federal excise tax liability under 26 U.S.C. § 4081 for the taxable period ending September 30, 2013, was $27,270,0778.87, Plaintiff properly claimed a refund of $552,927.50.

57.     For the reasons set forth above, Plaintiff is entitled to recover from Defendant the amount of $552,927.50, plus any allowable interest.

**Count Three – December 31, 2013 Claim**

58.     Plaintiff incorporates herein by reference and realleges all allegations in paragraphs 1-10 and paragraphs 31-49.

59.     Because Plaintiff used 5,381,732 gallons of butane in producing alternative fuel mixtures (namely butane and gasoline at a minimum concentration of 0.1%) and sold the mixtures to one or more persons for use as a fuel, Plaintiff was entitled to alternative fuel mixture tax credits during the taxable period ending December 31, 2013, of $2,690,866 ($0.50 x 5,381,732 gallons of butane).

60.     Because Plaintiff's Federal excise tax liability under 26 U.S.C. § 4081 for the taxable period ending December 31, 2013, was $23,062,239.23, Plaintiff properly claimed a refund of $2,690,866.

61.     For the reasons set forth above, Plaintiff is entitled to recover from Defendant the amount of $2,690,866, plus any allowable interest.

**Count Four – March 31, 2014 Claim**

62.     Plaintiff incorporates herein by reference and realleges all allegations in paragraphs 1-10 and paragraphs 31-49.

19744411.1

63. Because Plaintiff used 4,196,432.74 gallons of butane in producing alternative fuel mixtures (namely butane and gasoline at a minimum concentration of 0.1%) and sold the mixtures to one or more persons for use as a fuel, Plaintiff was entitled to alternative fuel mixture tax credits during the taxable period ending March 31, 2014, of $2,098,216.37 ($0.50 x 4,196,432.74 gallons of butane).

64. Because Plaintiff's Federal excise tax liability under 26 U.S.C. § 4081 for the taxable period ending March 31, 2014, was $19,383,612.82, Plaintiff properly claimed a refund of $2,098,216.37.

65. For the reasons set forth above, Plaintiff is entitled to recover from Defendant the amount of $2,098,216.37, plus any allowable interest.

**Count Five – June 30, 2014 Claim**

66. Plaintiff incorporates herein by reference and realleges all allegations in paragraphs 1-10 and paragraphs 31-49.

67. Because Plaintiff used 2,260,674.8 gallons of butane in producing alternative fuel mixtures (namely butane and gasoline at a minimum concentration of 0.1%) and sold the mixtures to one or more persons for use as a fuel, Plaintiff was entitled to alternative fuel mixture tax credits during the taxable period ending June 30, 2014, of $1,130,337.40 ($0.50 x 2,260,674.8 gallons of butane).

68. Because Plaintiff's Federal excise tax liability under 26 U.S.C. § 4081 for the taxable period ending June 30, 2014, was $25,254,057.76, Plaintiff properly claimed a refund of $1,130,337.40.

69. For the reasons set forth above, Plaintiff is entitled to recover from Defendant the amount of $1,130,337.40, plus any allowable interest.

**Count Six – September 30, 2014 Claim**

70.      Plaintiff incorporates herein by reference and realleges all allegations in paragraphs 1-10 and paragraphs 31-49.

71.      Because Plaintiff used 1,861,042 gallons of butane in producing alternative fuel mixtures (namely butane and gasoline at a minimum concentration of 0.1%) and sold the mixtures to one or more persons for use as a fuel, Plaintiff was entitled to alternative fuel mixture tax credits during the taxable period ending September 30, 2014, of $930,521 ($0.50 x 1,861,042 gallons of butane).

72.      Because Plaintiff's Federal excise tax liability under 26 U.S.C. § 4081 for the taxable period ending September 30, 2014, was $25,647,362.02, Plaintiff properly claimed a refund of $930,521.

73.      For the reasons set forth above, Plaintiff is entitled to recover from Defendant the amount of $930,521, plus any allowable interest.

**Count Seven – December 31, 2014 Claim**

74.      Plaintiff incorporates herein by reference and realleges all allegations in paragraphs 1-10 and paragraphs 31-49.

75.      Because Plaintiff used 9,274,253 gallons of butane in producing alternative fuel mixtures (namely butane and gasoline at a minimum concentration of 0.1%) and sold the mixtures to one or more persons for use as a fuel, Plaintiff was entitled to alternative fuel mixture tax credits during the taxable period ending December 31, 2014, of $4,637,126.50 ($0.50 x 9,274,253 gallons of butane).

19744411.1

76.     Because Plaintiff's Federal excise tax liability under 26 U.S.C. § 4081 for the taxable period ending December 31, 2014, was $22,383,364.49, Plaintiff properly claimed a refund of $4,637,126.50.

For the reasons set forth above, Plaintiff is entitled to recover from Defendant the amount of $4,637,126.50, plus any allowable interest.

**Count Eight – March 31, 2015 Claim**

77.     Plaintiff incorporates herein by reference and realleges all allegations in paragraphs 1-10 and paragraphs 31-49.

78.     Because Plaintiff used 6,561,842 gallons of butane in producing alternative fuel mixtures (namely butane and gasoline at a minimum concentration of 0.1%) and sold the mixtures to one or more persons for use as a fuel, Plaintiff was entitled to alternative fuel mixture tax credits during the taxable period ending March 31, 2015, of $3,280,921 ($0.50 x 6,561,842 gallons of butane).

79.     Because Plaintiff's Federal excise tax liability under 26 U.S.C. § 4081 for the taxable period ending March 31, 2015, was $21,409,449.83, Plaintiff properly claimed a refund of $3,280,921.

80.     For the reasons set forth above, Plaintiff is entitled to recover from Defendant the amount of $3,280,921, plus any allowable interest.

**Count Nine – June 30, 2015 Claim**

81.     Plaintiff incorporates herein by reference and realleges all allegations in paragraphs 1-10 and paragraphs 31-49.

82.     Because Plaintiff used 1,728,421 gallons of butane in producing alternative fuel mixtures (namely butane and gasoline at a minimum concentration of 0.1%) and sold the

19744411.1

mixtures to one or more persons for use as a fuel, Plaintiff was entitled to alternative fuel mixture tax credits during the taxable period ending June 30, 2015, of $864,210.50 ($0.50 x 1,728,421 gallons of butane).

83. Because Plaintiff's Federal excise tax liability under 26 U.S.C. § 4081 for the taxable period ending June 30, 2015, was $30,133,708.84, Plaintiff properly claimed a refund of $864,210.50.

84. For the reasons set forth above, Plaintiff is entitled to recover from Defendant the amount of $864,210.50, plus any allowable interest.

**Count Ten – September 30, 2015 Claim**

85. Plaintiff incorporates herein by reference and realleges all allegations in paragraphs 1-10 and paragraphs 31-49.

86. Because Plaintiff used 2,509,599 gallons of butane in producing alternative fuel mixtures (namely butane and gasoline at a minimum concentration of 0.1%) and sold the mixtures to one or more persons for use as a fuel, Plaintiff was entitled to alternative fuel mixture tax credits during the taxable period ending September 30, 2015, of $1,254,799.50 ($0.50 x 2,509,599 gallons of butane).

87. Because Plaintiff's Federal excise tax liability under 26 U.S.C. § 4081 for the taxable period ending September 30, 2015, was $36,179.227.29, Plaintiff properly claimed a refund of $1,254,799.50.

88. For the reasons set forth above, Plaintiff is entitled to recover from Defendant the amount of $1,254,799.50, plus any allowable interest.

19744411.1

**Count Eleven – December 31, 2015 Claim**

89.     Plaintiff incorporates herein by reference and realleges all allegations in paragraphs 1-10 and paragraphs 31-49.

90.     Because Plaintiff used 11,655,315 gallons of butane in producing alternative fuel mixtures (namely butane and gasoline at a minimum concentration of 0.1%) and sold the mixtures to one or more persons for use as a fuel, Plaintiff was entitled to alternative fuel mixture tax credits during the taxable period ending December 31, 2015, of $5,827,657.50 ($0.50 x 11,655,315 gallons of butane).

91.     Because Plaintiff's Federal excise tax liability under 26 U.S.C. § 4081 for the taxable period ending December 31, 2015, was $29,442,513.59, Plaintiff properly claimed a refund of $5,827,657.50.

92.     For the reasons set forth above, Plaintiff is entitled to recover from Defendant the amount of $5,827,657.50, plus any allowable interest.

**Count Twelve – March 31, 2016 Claim**

93.     Plaintiff incorporates herein by reference and realleges all allegations in paragraphs 1-10 and paragraphs 31-49.

94.     Because Plaintiff used 5,061,635 gallons of butane in producing alternative fuel mixtures (namely butane and gasoline at a minimum concentration of 0.1%) and sold the mixtures to one or more persons for use as a fuel, Plaintiff was entitled to alternative fuel mixture tax credits during the taxable period ending March 31, 2016, of $2,530,817.50 ($0.50 x 5,061,635 gallons of butane).

95.     Because Plaintiff's Federal excise tax liability under 26 U.S.C. § 4081 for the taxable period ending March 31, 2016, was $23,460,525.12, Plaintiff properly claimed a refund of $2,530,817.50.

96.     For the reasons set forth above, Plaintiff is entitled to recover from Defendant the amount of $2,530,817.50, plus any allowable interest.

**Count Thirteen – June 30, 2016 Claim**

97.     Plaintiff incorporates herein by reference and realleges all allegations in paragraphs 1-10 and paragraphs 31-49.

98.     Because Plaintiff used 1,830,590 gallons of butane in producing alternative fuel mixtures (namely butane and gasoline at a minimum concentration of 0.1%) and sold the mixtures to one or more persons for use as a fuel, Plaintiff was entitled to alternative fuel mixture tax credits during the taxable period ending June 30, 2016, of $915,295 ($0.50 x 1,830,590 gallons of butane).

99.     Because Plaintiff's Federal excise tax liability under 26 U.S.C. § 4081 for the taxable period ending June 30, 2016, was $38,156,987.79, Plaintiff properly claimed a refund of $915,295.

100.    For the reasons set forth above, Plaintiff is entitled to recover from Defendant the amount of $915,295, plus any allowable interest.

**Count Fourteen – September 30, 2016 Claim**

101.    Plaintiff incorporates herein by reference and realleges all allegations in paragraphs 1-10 and paragraphs 31-49.

102.    Because Plaintiff used 3,376,643 gallons of butane in producing alternative fuel mixtures (namely butane and gasoline at a minimum concentration of 0.1%) and sold the

19744411.1

mixtures to one or more persons for use as a fuel, Plaintiff was entitled to alternative fuel mixture tax credits during the taxable period ending September 30, 2016, of $1,688,321.50 ($0.50 x 3,376,643 gallons of butane).

103. Because Plaintiff's Federal excise tax liability under 26 U.S.C. § 4081 for the taxable period ending September 30, 2016, was $48,563,119.85, Plaintiff properly claimed a refund of $1,688,321.50.

104. For the reasons set forth above, Plaintiff is entitled to recover from Defendant the amount of $1,688,321.50, plus any allowable interest.

**Count Fifteen – December 31, 2016 Claim**

105. Plaintiff incorporates herein by reference and realleges all allegations in paragraphs 1-10 and paragraphs 31-49.

106. Because Plaintiff used 9,338,291 gallons of butane in producing alternative fuel mixtures (namely butane and gasoline at a minimum concentration of 0.1%) and sold the mixtures to one or more persons for use as a fuel, Plaintiff was entitled to alternative fuel mixture tax credits during the taxable period ending December 31, 2016, of $4,669,145.50 ($0.50 x 9,338,291 gallons of butane).

107. Because Plaintiff's Federal excise tax liability under 26 U.S.C. § 4081 for the taxable period ending December 31, 2016, was $43,133,015.76, Plaintiff properly claimed a refund of $4,669,145.50.

108. For the reasons set forth above, Plaintiff is entitled to recover from Defendant the amount of $4,669,145.50, plus any allowable interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. That Plaintiff be refunded $33,593,191.27, which includes $522,028.50 for the taxable period ending June 30, 2013; $552,927.50 for the taxable period ending September 30, 2013; $2,690,866 for the taxable period ending December 31, 2013; $2,098,216.37 for the taxable period ending March 31, 2014; $1,130,337.40 for the taxable period ending June 30, 2014; $930,521 for the taxable period ending September 30, 2014; $4,637,126.50 for the taxable period ending December 31, 2014; $3,280,921 for the taxable period ending March 31, 2015; $864,210.50 for the taxable period ending June 30, 2015; $1,254,799.50 for the taxable period ending September 30, 2015; $5,827,657.50 for the taxable period ending December 31, 2015; $2,530,817.50 for the taxable period ending March 31, 2016; $915,295 for the taxable period ending June 30, 2016; $1,688,321.50 for the taxable period ending September 30, 2016; and $4,669,145.50 for the taxable period ending December 31, 2016, together with any interest as allowed by law.

2. Plaintiff's costs of this action and for such other, further, and different relief as this Court may deem appropriate.

19744411.1

Dated this 6th day of November, 2018.

:

s/ Jonathan T. Smies
Jonathan Smies
State Bar No. 1045422
Godfrey Kahn S.C.
200 South Washington St., Suite 100
Green Bay, WI 54301-4298
Telephone:  (920) 436-7667
Facsimile:  (920) 436-7988
jsmies@gklaw.com

Shawn R. O'Brien
Texas Bar No. 24007768
Mayer Brown LLP
700 Louisiana Street, Suite 3400
Houston, TX 77002
Telephone:  (713) 238-2848
Facsimile:  (713) 238-4602
sobrien@mayerbrown.com

Maria C. Critelli
Iowa State Bar No. AT0012255
71 S. Wacker Drive
Chicago, IL 60606
Telephone:  (312) 701-7424
Facsimile:  (312) 706-9251
mcritelli@mayerbrown.com

Attorneys for Plaintiff, U.S. Venture, Inc.