IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

U.S. VENTURE, INC.,

    Plaintiff,

CIVIL NO: 1:18-cv-1757-WCG

v.

UNITED STATES OF AMERICA,

    Defendant.

# CLAWBACK ORDER

Pursuant to Federal Rule of Evidence 502, this Order concerns the inadvertent production of privileged documents, if any, in discovery in the above-captioned case, including any production of documents by a third party in response to any subpoenas issued in connection with this case.

1. This Order covers inadvertent disclosures, as defined in Federal Rule of Evidence ("FRE") 502(b), of documents and other information covered by the attorney-client privilege, the work-product doctrine, and the taxpayer-communication privilege codified in 26 U.S.C. § 7525 (collectively, the "Privileged Material") in this case. It therefore applies if:

    a. the disclosure is inadvertent;
    b. the holder of the privilege or protection (the "Producing Party") took reasonable steps to prevent disclosure; and
    c. the Producing Party promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B).

2. The inadvertent disclosure of Privileged Material by a Producing Party for which the requirements of paragraph 1 are met shall not constitute a waiver of privilege with respect to such material, in either this or any other federal or state proceeding, pursuant to FRE 502(d).

3. Disclosures meeting the standards of FRE 502(a), *i.e.*, intentional disclosures, are not affected by this Order. Disclosures made pursuant to "quick peek" agreements (if any) do not constitute intentional disclosures.

4. If the Producing Party identifies information that appears to be subject to a claim of privilege and the Producing Party believes the disclosure of that information meets the requirements of paragraph 1 above, the Producing Party shall give all counsel notice of a claim of privilege (the "Notice") regarding the Privileged Material.

5. If a party receiving a document production identifies information that appears to be subject to a claim of privilege, that party identifying the potentially privileged information is under a good-faith obligation to notify the Producing Party. If the Producing Party wishes to claim a privilege and believes the disclosure of that information meets the requirements of paragraph 1 above, it shall provide notice in accordance with paragraph 4 above within five business days of receiving notice from the identifying party.

6. Upon receiving the Notice, any person or entity receiving the identified Privileged Material (the "Receiving Party") must promptly return, sequester, or destroy the Privileged Material and any copies it has; must not use or disclose the Privileged Material until the claim is resolved; must take reasonable steps to retrieve the Privileged Material if the Receiving Party disclosed it before receiving the Notice; and may promptly (as described in paragraph 7 below) present the Privileged Material to the Court under seal for a determination of the

privilege claim. The Producing Party must preserve the Privileged Material until the privilege claim is resolved.

7. If a Receiving Party wishes to dispute a claim of privilege asserted under this Order, such Receiving Party shall, within 14 days of receiving the Notice, move the Court under seal for an Order compelling disclosure of the Privileged Material. Until the expiration of 14 days after the motion to compel is finally resolved by the Court, the Receiving Party shall not use the Privileged Material for any purpose and shall not disclose it to any person other than those required by law to be served with a copy of the sealed motion.

8. The Parties may stipulate to extend the time periods specified in this Order.

9. By agreeing to this Order, neither Party waives a right to object to discovery or concedes that any discovery sought from it is permissible and proper.

SO ORDERED on this 10th day of April, 2019.

s/ William C. Griesbach
WILLIAM C. GRIESBACH, CHIEF JUDGE
United States District Court