UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

U.S. VENTURE, INC.,

        Plaintiff,

    v.                                 Case Nos. 18-C-1757 & 19-C-595

UNITED STATES OF AMERICA,

        Defendant.

---

**DECISION AND ORDER**

---

Plaintiff U.S. Venture, Inc. filed these consolidated actions claiming over $33 million in alternative fuel mixture credits. This case involves the application of 26 U.S.C. § 6426, which provides a tax credit to a taxpayer who produces an alternative fuel mixture for sale or use in the taxpayer's trade or business. U.S. Venture challenges the Internal Revenue Service's (IRS) finding that U.S. Venture's mixture of butane and gasoline did not qualify for the alternative fuel mixture credit. On May 16, 2019, U.S. Venture filed a motion for partial summary judgment, seeking a ruling on whether the term "liquified petroleum gas," as used in Section 6426, includes butane. Following multiple deadline extensions to allow the government to conduct discovery, the government filed its own motion for summary judgment and response to U.S. Venture's motion for partial summary judgment on December 26, 2019. Once the motions became fully briefed, the court held oral argument on March 4, 2020. The motions are now ready for resolution. For the following reasons, the government's motion for summary judgment will be granted, U.S. Venture's motion for partial summary judgment will be denied, and the case will be dismissed.

**BACKGROUND**

**A. Statutory Background**

Before examining the facts of this case, the court will provide a brief overview of the statutes at issue. In 1954, Congress enacted 26 U.S.C. § 4081, which imposes a tax on the removal, entry, or sale of a "taxable fuel." *See* 26 U.S.C. § 4081(a)(1)(A). Since 1956, taxes collected under § 4081 have been appropriated to the Highway Trust Fund, which makes expenditures available for interstate highways, among other things. 26 U.S.C. § 9503.

Section 4083 defines the fuels subject to § 4081's tax. That statute provides that "taxable fuel" means "(A) gasoline, (B) diesel fuel, and (C) kerosene." 26 U.S.C. § 4083(a)(1). It goes on to note that the term "gasoline"

> (A) includes any gasoline blend, other than qualified methanol or ethanol fuel (as defined in section 4041(b)(2)(B)), partially exempt methanol or ethanol fuel (as defined in section 4041(m)(2)), or a denatured alcohol, and
>
> (B) includes, to the extent prescribed in regulations--
>
>> (i) any gasoline blend stock, and
>>
>> (ii) any product commonly used as an additive in gasoline (other than alcohol).
>
> For purposes of subparagraph (B)(i), the term "gasoline blend stock" means any petroleum product component of gasoline.

26 U.S.C. § 4083(2). Treasury regulation § 48.4081-1 also provides definitions for purposes of the tax on taxable fuel imposed by § 4081 and lists 24 gasoline blend stocks. *See* 26 C.F.R. § 48.4081-1(c)(3)(i). One of those gasoline blend stocks is butane. § 48.4081-1(c)(3)(i)(B).

In 2005, Congress enacted the Safe, Accountable, Flexible, Efficient Transportation Equity Act: A Legacy for Users (SAFETEA). SAFETEA introduced two tax credits related to alternative fuels under 26 U.S.C. § 6426: the alternative fuel credit, § 6426(d), and the alternative

fuel mixture credit, § 6426(e). As relevant here, § 6426(e) allows taxpayers to obtain a credit for "producing any alternative fuel mixture for sale or use in a trade or business of the taxpayer." § 6426(e)(1). The statute defines an "alternative fuel mixture" as a "mixture of alternative fuel and taxable fuel" that is either "sold by the taxpayer . . . for use as fuel" or "used as a fuel by the taxpayer producing such mixture." § 6426(e)(2)(A)–(B). The statute lists seven "alternative fuels," including "liquefied petroleum gas," § 6426(d)(2)(A), and relies on § 4083(a)(1)(A)–(C) to define "taxable fuel." *Id.* Again, under § 4083, "taxable fuel" means "(A) gasoline, (B) diesel fuel, and (C) kerosene." 26 U.S.C. § 4083(a)(1).

**B. Factual Background**

U.S. Venture is a privately held corporation headquartered in Appleton, Wisconsin. Pl.'s Proposed Findings of Fact (PPFOF) ¶ 1, Dkt. No. 20. It is currently registered with the IRS under Section 4101 of the Internal Revenue Code as a blender of gasoline, diesel fuel, or kerosene; a position holder, refiner, terminal operator, or throughputter of gasoline, diesel fuel, or kerosene; a pipeline operator or vessel operator within the bulk transfer/terminal system; an alternative fueler that sells for use or uses alternative fuel as a fuel in a motor vehicle or motorboat; an alternative fueler that produces an alternative fuel mixture that is sold for use or used in the alternative fueler's trade or business; and a producer or importer of biodiesel and renewable fuel, among others. *Id.* ¶ 4. U.S. Venture's United States Oil business division purchases gasoline with an octane level of 75 or greater and butane from third-party suppliers. *Id.* ¶ 2. U.S. Venture began mixing butane with gasoline in 2012 and resells the mixture to its customers. *Id.* ¶ 3. U.S. Venture mixed butane with at least 0.1% of gasoline by volume for sale in U.S. Venture's business in each of the taxable quarters ending June 30, 2013; September 30, 2013; December 31, 2013; March 31, 2014; June 30, 2014; September 30, 2014; December 31, 2014; March 31, 2015; June

30, 2015; September 30, 2015; December 31, 2015; March 31, 2016; June 30, 2016; September 30, 2016; and December 31, 2016. *Id.* ¶ 7. In 2016 and 2017, U.S. Venture filed Amended Quarterly Federal Excise Tax Returns for these taxable quarters, seeking a total refund of $33,563,191.27. *Id.* ¶¶ 8–15. By letter dated December 7, 2017, the IRS disallowed U.S. Venture's refund claims. *Id.* ¶ 16. U.S. Venture thereupon commenced Case No. 18-C-1757 to recover refunds for taxes paid for taxable quarters in 2013 through 2016. Case No. 19-C-595 seeks refunds for taxes paid in 2017.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The fact that the parties filed cross-motions for summary judgment does not alter this standard. In evaluating each party's motion, the court must "construe all inferences in favor of the party against whom the motion under consideration is made." *Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 561–62 (7th Cir. 2002) (quoting *Hendricks-Robinson v. Excel Corp.*, 154 F.3d 685, 692 (7th Cir. 1998)). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 691 F.3d 919, 922 (7th Cir. 2012) (internal quotation marks omitted).

## ANALYSIS

In this case, U.S. Venture claims over $33 million worth of tax credits. "Tax credits, like deductions, are matters of legislative grace, and the taxpayer must clearly demonstrate entitlement to the credit." *United Stationers, Inc. v. United States*, 982 F. Supp. 1279, 1282 (N.D. Ill. 1997) (citing *Hauptli v. Commissioner*, 951 F.2d 1193, 1195 (10th Cir. 1991); *Schiff v. United States*, 942 F.2d 348, 352 (6th Cir. 1991)); *see also United States v. Wells Fargo Bank*, 485 U.S. 351, 354 (1988) ("[E]xemptions from taxation are not to be implied; they must be unambiguously proved."); *Chickasaw Nation v. United States*, 534 U.S. 84, 95 (2001) (referring to "the canon that warns us against interpreting federal statutes as providing tax exemptions unless those exemptions are clearly expressed"). With this standard in mind, the court turns to the parties' arguments.

U.S. Venture contends that butane is a liquified petroleum gas and therefore is an alternative fuel for purposes of the alternative fuel mixture credit. In support of this contention, U.S. Venture relies upon dictionary definitions and unrelated federal and state regulations that list butane under the definition of liquified petroleum gas. Pl.'s Mem. In Support of Mot. For S.J. at 13–16, Dkt. No. 18 at 22–25. Because it mixed butane with gasoline, U.S. Venture argues that it is entitled to § 6426(e)'s alternative fuel mixture credit. The government counters that the court need not decide whether butane falls within the broad definition of a liquified petroleum gas, because under the plain meaning of the relevant statutes, butane is a taxable fuel, not an alternative fuel, and therefore no credit is due.

"When attempting to decipher the proper interpretation of a statute, we begin by determining 'whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case.'" *River Rd. Hotel Partners, LLC v. Amalgamated Bank*, 651

F.3d 642, 648–49 (7th Cir. 2011), *aff'd sub nom. RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639 (2012) (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997)).  "When interpreting statutory language, the meaning attributed to a phrase 'depends upon reading the whole statutory text, considering the purpose and context of the statute, and consulting any precedents or authorities that inform the analysis.'"  *Id.* at 649 (quoting *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 7 (2011)).  "If we find that the language in a statute is unambiguous, we will not conduct further inquiry into its meaning and enforce the statute in accordance with its plain meaning."  *Id.*

Section 6426(e)(1) provides a tax credit to a taxpayer who produces "any alternative fuel mixture for sale or use in a trade or business of the taxpayer."  The statute defines "alternative fuel mixture" as a mixture of an "alternative fuel" and a "taxable fuel (as defined in subparagraph (A), (B), or (C) of section 4083(a)(1))."  § 6426(e)(2).  Section 4083's definition of "taxable fuel" includes gasoline and further notes that the term gasoline comprises "any gasoline blend stock," which means "any petroleum product component of gasoline."  § 4083(a).  Section 4083 authorizes the Treasury Department to define "gasoline blend stock," § 4083(a)(2)(B), and the Treasury Regulations' definition of "gasoline blend stock" includes butane.  *See* 26 C.F.R. § 48.4081-1(c)(3)(B).  Because "gasoline blend stocks" are "gasoline," the government asserts that butane is also a gasoline and that, as a gasoline, butane is a taxable fuel.

U.S. Venture asserts that, although "alternative fuels" and "taxable fuels" are unquestionably different, there is no indication in the text, context, or purpose of § 6426 that butane cannot be both an alternative fuel and a taxable fuel.  It contends that § 6426(e)'s definition of "taxable fuel" includes a very specific cross-reference to § 4083(a)(1), which in turn defines "taxable fuel" as gasoline, diesel fuel, and kerosene.  It maintains that, under this strict definition,

it follows that the only taxable fuels for purposes of § 6426(3) are gasoline, diesel fuel, and kerosene, and not the more detailed definition of gasoline contained in § 4083(a)(2), which includes gasoline blends, gasoline blend stocks, and any product commonly used as an additive in gasoline. To accept U.S. Venture's position here would be to ignore § 4083's definition of gasoline. "It is the cardinal principle of statutory construction that it is our duty to give effect, if possible, to every clause and word of a statute rather than to emasculate an entire section." *Bennett v. Spear*, 520 U.S. 154, 173 (1997) (internal quotation marks, citations, and alterations omitted). Application of this principle here requires the court to conclude that "taxable fuels" means gasoline as well as gasoline blends, gasoline blend stocks, and any product commonly used as an additive in gasoline.

When viewed in the context of the overall statutory scheme, it is apparent that butane is a taxable fuel. The record reveals that butane is present in most, if not all, gallons of traditional gasoline sold in the United States. It would be unreasonable to conclude that butane is both an alternative fuel and a taxable fuel for purposes of the alternative fuel mixture credit, given that butane has been an additive to gasoline and is listed as a blend stock in § 48.4081-1(c)(3)(B). Congress enacted statutes like SAFETEA to encourage and incentivize the production and use of alternative fuels. *See* Alternative Motor Fuels Act, Pub. L. No. 100-494, 102 Stat. 2441, 2442 (1988). In light of the purpose of SAFETEA and a complete reading of the statutory scheme, the court cannot conclude that Congress intended to incentivize the production of butane mixed with gasoline, or traditional gasoline, with the alternative fuel mixture tax credit.

U.S. Venture contends that the butane it uses is not a taxable fuel at the time it is mixed with gasoline. It explains that, until butane is mixed with gasoline, it is not a component of gasoline and therefore is not a blend stock at the time it creates its butane and gasoline mixture.

The fact that gasoline and its components are not taxed until they are combined into a finished product and sold does not mean that butane is not a taxable fuel, however. The Treasury Regulations' definition of "taxable fuel" includes a category of gasoline ingredients and does not require that the components of gasoline become taxable once they are mixed. *See* § 48.4081-1(c)(3)(B). Nothing in the definitions of taxable fuel, gasoline, or gasoline blend stock in § 4083 or § 48.4081-1 requires butane to be a component of a batch of gasoline before becoming a taxable fuel. In other words, Congress does not require fuels to be capable of being taxed prior to becoming a taxable fuel.

Finally, U.S. Venture argues that the treatment of renewable diesel under the biodiesel mixture credit under § 6426(c) is analogous to the circumstances presented here. Section 6426(c) provides a credit for mixing biodiesel with diesel fuel. Although the IRS considers "renewable diesel fuel" to be both a biodiesel and a diesel fuel, it does so because Congress authorized such dual treatment. *See* 26 U.S.C. § 40A(f)(1) ("renewable diesel shall be treated in the same manner as biodiesel"); *see also* 26 U.S.C. § 6426(c)(5) (noting that any term in this section "shall have the meaning given such term by section 40A"). In this case, Congress has not explicitly authorized butane, a taxable fuel, to also qualify as an alternative fuel for purposes of the alternative fuel mixture tax credit.

The plain language of § 6426(e) requires a taxpayer to mix an alternative fuel and a taxable fuel. Absent an unambiguous grant from Congress, the terms "alternative fuel" and "taxable fuel" cannot include the same fuels. The court finds that, under the statutory and regulatory provisions at issue in this case, butane is a taxable fuel and therefore cannot be an alternative fuel for purposes of the alternative fuel mixture credit. Because U.S. Venture mixed two taxable fuels—butane and gasoline—it does not qualify for the alternative fuel mixture tax credit.

## CONCLUSION

For these reasons, the government's motion for summary judgment (Dkt. No. 46) is **GRANTED** and U.S. Venture's motion for partial summary judgment (Dkt. No. 17) is **DENIED**. The government's motion to strike U.S. Venture's sur-reply (Dkt. No. 79) is **DENIED** and its motions for judgment on the pleadings (Dkt. No. 58) and to amend the scheduling order (Dkt. No. 78) are **DENIED as moot**. This case is dismissed. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 23rd day of March, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court